IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DONALD M. BRAMBLETT,
    Plaintiff,

vs.                          Case No.:  5:06cv105/MCR/EMT

FLORIDA PAROLE COMMISSION
and FLORIDA DEPARTMENT OF CORRECTIONS,
    Defendants.
    _____/

**REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1).  Leave to proceed in forma pauperis has been granted (Doc. 4).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss the case if satisfied that the action is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. §1915(e)(2)(b).  A complaint is frivolous "where it lacks an arguable basis either in law or in fact."  *See* Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.*, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless."  *See* Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *See* Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff.  Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief.  Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th

Cir. 1997). Upon review of Plaintiff's complaint, the court concludes that it does not present an actionable claim.

Plaintiff names as Defendants in this action the Florida Parole Commission ("Commission") and the Florida Department of Corrections ("DOC") (Doc. 1 at 1-2). Plaintiff alleges Defendants violated the Ex Post Facto, Double Jeopardy, and Due Process Clauses in establishing his presumptive parole release date ("PPRD") (*id*. at 7-8). Plaintiff states he was convicted and sentenced for robbery in 1964 (*id.* at 7). In 1974, the Florida robbery statute was amended and renumbered (*id*.). In 1978, the Commission implemented guidelines requiring the use of a Commission action form, salient factor score, matrix time range, and aggravating factors in determining parole dates (*id*.) Apparently, at some point Plaintiff was released on parole and then convicted of a parole violation and re-incarcerated (*see id.* at 7). Plaintiff alleges that the Commission's classifying his crime under the amended robbery statute and applying the 1978 parole guidelines to his case violated the Ex Post Facto and Due Process Clauses (*id*. at 7, 8). Additionally, he appears to claim that the Commission's considering his original crime in establishing his PPRD violated the Double Jeopardy Clause (*id*.). As relief, Plaintiff seeks an order requiring the Commission to re-interview him and make a determination in accordance with the rules in effect in 1964, when he was convicted and sentenced on the original robbery charge (*id*.).

Prisoners' challenges to the guidelines by which the Commission decides who is entitled to parole and who should be denied parole was long ago settled in the Eleventh Circuit. In Paschal v. Wainwright, 738 F.2d 1173 (11th Cir. 1984), the court considered a challenge to the Objective Parole Guidelines Act of 1978 and held that the ultimate discretion about granting parole is with the Commission and "because the [Objective Parole Guidelines Act] merely made a procedural change in how this discretion was exercised there was no ex post facto violation." Johnson v. Wainwright, 772 F.2d 826, 827 (11th Cir. 1985) (explaining Paschal). The Johnson court discussed the holding in Paschal as follows:

> The guidelines have clarified the commission's exercise of its discretion. The commission has created a system by which it attempts to use its discretion in a more uniform manner than previously. The substantive power of the commission remains unchanged; only the manner in which it exercises this power has been altered.

Johnson, 772 F.2d at 827 (citing Paschal, 738 F.2d at 1179). Paschal has been consistently followed.

Case No.: 5:06cv105/MCR/EMT

*See* Damiano v. Florida Parole and Probation Commission, 785 F.2d 929, 933 (11th Cir. 1986) (citing Paschal in rejecting an ex post facto challenge and holding that "[w]hen appellant was convicted in 1974, parole was a matter of complete discretion.  It remains so even under the objective parole guidelines of 1978, since parole is still ultimately a matter of discretion."); Jonas v. Wainwright, 779 F.2d 1576, 1577 (11th Cir. 1986) (concluding the Ex Post Facto Clause was not violated when the Florida Parole and Probation Commission applied the "objective parole guidelines that had been amended after [petitioner] was incarcerated.").

Additionally, a guidelines change that merely alters the Commission's considerations for suitability for parole is not violative of the Ex Post Facto Clause because it neither works to the prisoner's detriment nor constitutes "a criminal or penal law."  Kelly v. Southerland, 967 F.2d 1531, 1532 (11th Cir. 1992) (citing Dufresne v. Baer, 744 F.2d 1543, 1547 (11th Cir. 1984)).  Guidelines are just that, guidelines for making decisions and reining in discretion.  Paschal, 738 F.2d at 1181; Kelly, 967 F.2d at 1532.  Thus, a claim that an inmate does not like the manner in which the Commission makes it parole decisions is not a viable claim.

Likewise, Plaintiff cannot establish a due process violation.  At the time of his offense, as now, the ultimate discretion about granting parole is with the Commission.  Johnson, 772 F.2d at 827.

> The setting of the presumptive parole release date and the decision whether that date is to become the effective parole release date are matters left ultimately to the discretion of the Commission. . . .  Since the decision whether to release an inmate on parole is a matter committed to the discretion of the Commission without the mandate of statute, <u>no entitlement to or liberty interest in parole is created by the Florida statutes.</u>

Staton v. Wainwright, 665 F.2d 686, 688 (5th Cir. Unit B), *cert. denied*, 102 S.Ct. 1757 (1982) (emphasis added);[1] *see also* Hunter v. Florida Parole & Probation Commission, 674 F.2d 847, 848 (11th Cir. 1982) (agreeing with Staton "that no liberty interest in parole was created by the Florida statutes."); Jonas, 779 F.2d at 1578 (following Hunter, finding "[t]he claim that the Commission did not abide by its own rules and regulations does not allege a constitutional violation."); Paschal, 738

---

[1]The Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions prior to October 1, 1981, and all former Fifth Circuit Unit B decisions after October 1, 1981.  Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc); Stein v. Reynolds Securities, Inc., 667 F.2d 33, 34 (11th Cir. 1982).

F.2d at 1178 and n. 9 (citing Staton, other citations omitted).  The claim that the Commission denied due process in establishing a parole date does not state a viable claim as Plaintiff has no liberty interest in his parole date and thus no entitlement to due process.

Finally, Plaintiff cannot establish a double jeopardy violation.  He contends that the Commission's considering his original robbery in establishing his PPRD after he was convicted of a parole violation violates the Double Jeopardy Clause.  Consideration of collateral matters, including an inmate's criminal history, in setting a PPRD is neither a conviction nor a second attempt at conviction proscribed by the Double Jeopardy Clause.  It is analogous, in fact, to a double jeopardy challenge to a recidivist statute.  The Supreme Court has rejected double jeopardy challenges to recidivist statutes because "the enhanced punishment imposed for the later offense . . . [is] 'a stiffened penalty for the latest crime, which is considered to be an aggravated offense because a repetitive one . . . .'"  Witte v. United States, 515 U.S. 389, 400, 115 S. Ct. 2199, 132 L. Ed. 2d 351 (1995) (quoting Gryger v. Burke, 334 U.S. 728, 732, 68 S. Ct. 1256, 92 L. Ed. 1683 (1948)).  The same rationale applies to Plaintiff's double jeopardy challenge to the parole guidelines, which permit the Commission to consider prior convictions in establishing a PPRD upon return to prison for a parole violation.  *See* Fla. Admin. Code r. 23-21.007.  Therefore, Plaintiff cannot state a double jeopardy claim.

Accordingly, it is respectfully **RECOMMENDED**:

That this case be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §1915(e)(2)(b) for Plaintiff's failure to state a claim upon which relief may be granted.

At Pensacola, Florida this 11th day of August 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).